[No. B222689. Second Dist., Div. Five. July 12, 2011.]

TERRI BROWN, Plaintiff and Respondent, v.
RALPHS GROCERY COMPANY et al., Defendants and Appellants.

## COUNSEL

Reed Smith, Linda S. Husar and Steven B. Katz for Defendants and Appellants.

Initiative Legal Group, Gene Williams, Mark P. Pifko, Arnab Banerjee and Glenn A. Danas for Plaintiff and Respondent.

Spiro Moss, H. Scott Leviant, Dennis F. Moss, Gregory N. Karasik, J. Mark Moore; Arbogast & Berns and David M. Arbogast for Consumer Attorneys of California as Amicus Curiae on behalf of Plaintiff and Respondent.

494

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Plaintiff and respondent Terri Brown (plaintiff) brought a class action and representative action under the Labor Code Private Attorneys General Act of 2004 (the PAGA)[1] against her employers, defendants and appellants Ralphs Grocery Company and The Kroger Co. (defendants), for alleged violations of the Labor Code. Defendants appeal from the trial court's order denying their petition to compel plaintiff to submit her individual causes of action to arbitration as required under her employment agreement.

We hold that the trial court erred in ruling that under *Gentry v. Superior Court* (2007) 42 Cal.4th 443 [64 Cal.Rptr.3d 773, 165 P.3d 556] (*Gentry*), the class action waiver provision[2] in plaintiff's employment agreement was unenforceable because that ruling was not supported by substantial evidence. We also hold that the recent decision of the United States Supreme Court in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740] (*AT&T*), holding that California decisional law invalidating class action waivers in consumer arbitration agreements is preempted by the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA), does not apply to representative actions under the PAGA, and thus the trial court correctly ruled that the waiver of plaintiff's right to pursue a representative action under the PAGA was not enforceable under California law. We remand the case for the trial court to determine whether to sever the unenforceable provision in the arbitration agreement waiving plaintiff's right to pursue a PAGA representative action or whether to refuse to enforce the entire arbitration agreement or parts thereof.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint asserting as a class action four Labor Code violations and a violation of Business and Professions Code section 17200

---

[1] Labor Code sections 2698 through 2699.5 (the PAGA allows actions to recover civil penalties for Lab. Code violations brought by an aggrieved employee on his or her own behalf and on behalf of current or former employees). All further statutory references are to the Labor Code unless otherwise indicated.

[2] As discussed below, the arbitration clause in issue provided that plaintiff waived her right to pursue class action remedies in the trial court and in an arbitration forum. Therefore, we use the term "class action waiver" to refer to a provision in an arbitration clause that purports to waive the individual plaintiff's rights to pursue class action remedies in both the trial court and an arbitration forum.

et seq. based on the alleged Labor Code violations. Plaintiff also alleged that she had satisfied all the administrative prerequisites to pursuing a representative action under the PAGA and sought civil penalties pursuant to that statute.

Defendants responded to the complaint by filing a petition to compel arbitration. The petition was supported by a copy of plaintiff's employment application, which included an acknowledgement of and agreement to defendants' mediation and binding arbitration policy (arbitration policy). The petition also included a copy of the arbitration policy that was incorporated by reference in the employment application. The arbitration policy provided that, except for excluded disputes,[3] "[t]his Arbitration Policy applies to any and all employment-related disputes that exist or arise between Employees and Ralphs [Grocery Company] (or any of them) **that would constitute cognizable claims or causes of action in a federal, state or local court or agency under applicable federal, state or local laws** (referred to in this Arbitration Policy as 'Covered Disputes')." The arbitration policy further provided that **"there is no right or authority for any Covered Disputes to be heard or arbitrated on a class action basis, as a private attorney general, or on bases involving claims or disputes brought in a representative capacity on behalf of the general public, of other Ralphs [Grocery Company] employees (or any of them), or of other persons alleged to be similarly situated. . . . [T]here are no judge or jury trials and there are no class actions or Representative Actions permitted under this Arbitration Policy."**

Plaintiff opposed the petition to compel arbitration, arguing that the class action waiver provision was "unconscionable" under *Gentry, supra,* 42 Cal.4th 443; that the waiver of plaintiff's right to pursue a representative action for civil penalties under the PAGA was also unenforceable; and that the presence of those two unconscionable provisions in the arbitration agreement made that agreement unenforceable in its entirety. Plaintiff supported her opposition with a declaration from her attorney stating that plaintiff had been employed by defendants as a security guard since 2005, had filed a class action alleging certain Labor Code violations, and had also asserted a representative action under the PAGA. Plaintiff's attorney further stated that defendants had filed a petition to compel arbitration and that a copy of the arbitration agreement upon which the petition was based was attached to the declaration as an exhibit. Defendants argued in reply that plaintiff had failed to carry her evidentiary burden under the four-factor test established in *Gentry* for invalidating a class action waiver provision, that plaintiff's arguments based on *Gentry* were preempted under the FAA, and that plaintiff's arguments under

---

[3] Excluded disputes were defined as disputes between the employee and defendants that arose out of the terms and conditions of a collective bargaining agreement.

the PAGA and *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277 [90 Cal.Rptr.3d 539] (*Franco*) were incorrect.

The trial court determined that the arbitration provision was procedurally unconscionable and, because of the invalidity of the class action and the PAGA waivers, substantively unconscionable. The trial court said, "the arbitration provision impermissibly requires a waiver of class action[s] and representative actions under [the PAGA] rendering the agreement unconscionable and unenforceable. *Franco v. Athens Disposal Co., Inc.*[, *supra*,] 171 Cal.App.4th 1277."

Plaintiff filed a timely notice of appeal. After the submission of the case, the United States Supreme Court decided *AT&T, supra*, 563 U.S. ___ [131 S.Ct. 1740]. By a five-to-four majority, the court held that the California Supreme Court's rule in *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 [30 Cal.Rptr.3d 76, 113 P.3d 1100] (*Discover Bank*)—that class action waivers in consumer arbitration agreements may be unenforceable or unconscionable—is preempted by the FAA. Upon our request, the parties submitted additional briefing on the applicability and effect of the *AT&T* decision.

## DISCUSSION

### A. *Evidentiary Burden Under* Gentry

Defendants contend that plaintiff had the evidentiary burden to establish the four factors required under *Gentry, supra*, 42 Cal.4th 443 to invalidate a class action waiver provision, but failed to do so. Plaintiff counters that *Gentry* does not require an evidentiary showing and that the trial court adequately considered the *Gentry* factors in making its decision to invalidate the class action waiver in an employment case.

In *Gentry, supra*, 42 Cal.4th 443, the court held as follows: "[W]hen it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver, the trial court must consider the factors discussed above: the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' rights to overtime pay through individual arbitration. If it concludes, based on these factors, that a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and finds that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime

laws for the employees alleged to be affected by the employer's violations, it must invalidate the class arbitration waiver to ensure that these employees can 'vindicate [their] unwaivable rights in an arbitration forum.' (*Little* [*v. Auto Stiegler, Inc.* (2003)] 29 Cal.4th [1064,] 1077 [130 Cal.Rptr.2d 892, 63 P.3d 979].) [Fn. omitted.] The kind of inquiry a trial court must make is similar to the one it already makes to determine whether class actions are appropriate. '[T]rial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action . . . .' (*Linder v. Thrifty Oil Co.* [(2000)] 23 Cal.4th [429,] 435 [97 Cal.Rptr.2d 179, 2 P.3d 27].)  ■  Class arbitration must still also meet the 'community of interest' requirement for all class actions, consisting of three factors: '(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.' (*Sav-On Drug Stores*[*, Inc. v. Superior Court* (2004)] 34 Cal.4th [319,] 326 [17 Cal.Rptr.3d 906, 96 P.3d 194].)" (*Id.* at pp. 463–464.) The court in *Gentry* went on to state expressly that "such [class action] *waivers will only be invalidated after the proper factual showing*, as discussed above." (*Id.* at p. 466, italics added.)

" ' " 'Whether an arbitration agreement applies to a controversy is a question of law to which the appellate court applies its independent judgment where no conflicting extrinsic evidence in aid of interpretation was introduced in the trial court.' [¶] . . . Where the trial court's decision on arbitrability is based upon resolution of disputed facts, we review the decision for substantial evidence. . . ." ' (*Amalgamated Transit Union Local 1277 v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 673, 685 [132 Cal.Rptr.2d 207].) [¶] *The party opposing arbitration has the burden of establishing that an arbitration provision is invalid.* (See *Brown v. Wells Fargo Bank, N.A.* (2008) 168 Cal.App.4th 938, 955 [85 Cal.Rptr.3d 817].) '[T]o the extent the trial court's determination that the arbitration agreement was [valid] turned on the resolution of conflicts in the evidence or on factual inferences to be drawn from the evidence, we consider the evidence in the light most favorable to the trial court's ruling and review the trial court's factual determinations under the substantial evidence standard.' (*Baker v. Osborne Development Corp.* (2008) 159 Cal.App.4th 884, 892 [71 Cal.Rptr.3d 854].)" (*Franco, supra,* 171 Cal.App.4th at pp. 1287–1288, italics added.)

Contrary to plaintiff's assertion, the court in *Gentry, supra,* 42 Cal.4th at page 446, required a factual showing under the four-factor test established in that case. Plaintiff, however, made no such showing in opposing the petition to compel arbitration. Thus, there was no evidence, much less substantial evidence, supporting the trial court's finding that under *Gentry,* plaintiff had established a basis not to enforce the class action waiver. As a result, we reverse the trial court's ruling invalidating the class action waiver.

■ Accordingly, we do not have to determine whether, under *AT&T,* *supra,* 563 U.S. ___ [131 S.Ct. 1740], the rule in *Gentry, supra,* 42 Cal.4th 443 concerning the invalidity of class action waivers in employee-employer contract arbitration clauses is preempted by the FAA. (See *Arguelles-Romero v. Superior Court* (2010) 184 Cal.App.4th 825, 836 [109 Cal.Rptr.3d 289] ["while *Discover Bank* is a case about unconscionability, the rule set forth in *Gentry* is concerned with the effect of a class action waiver on unwaivable statutory rights *regardless of unconscionability*"]; *People v. Landry* (1996) 49 Cal.App.4th 785, 791 [56 Cal.Rptr.2d 824] [Cal. Supreme Court interpretation of federal law binding when there is "[n]o contrary United States Supreme Court decision" on the issue]; see also *Perry v. Thomas* (1987) 482 U.S. 483, 489–491 [96 L.Ed.2d 426, 107 S.Ct. 2520] [FAA preempted former § 299, which permits wage claims to be brought in court even though the parties had an arbitration agreement].)[4]

## B. *The PAGA*

In addition to concluding that the class action waiver provision was invalid, the trial court, citing *Franco, supra,* 171 Cal.App.4th 1277, determined that the PAGA waiver was unconscionable, and that the PAGA waiver and class action waiver together rendered the entire agreement unenforceable. On appeal, initially defendants did not challenge the determination of the unenforceability of the PAGA waiver, arguing instead that *Franco* did not apply to this case. Defendants now argue that *AT&T, supra,* 563 U.S. ___ [131 S.Ct. 1740] applies to the PAGA waiver. Because we permitted parties to brief this issue after *AT&T,* we address it.

In *Franco, supra,* 171 Cal.App.4th 1277, the court concluded that the class action waiver provision in that case was invalid under *Gentry, supra,* 42 Cal.4th 443, noting that "[i]f the sole problem with [the defendant's] arbitration agreement were the class arbitration waiver, we would direct the trial court to strike the waiver and order the case to arbitration. (See *Gentry, supra,* 42 Cal.4th at p. 466.) Shortly after appointment, the arbitrator, applying AAA rules, would decide whether the dispute should proceed as a class arbitration. But the class arbitration waiver is not the only significant problem with the parties' agreement." (*Franco, supra,* 171 Cal.App.4th at p. 1299.) The court in *Franco* then determined that the PAGA waiver also was invalid and concluded that "[b]ecause the arbitration agreement contains a class arbitration waiver and also precludes [the plaintiff] from seeking civil penalties on behalf of other employees, contrary to the PAGA, we conclude that the

---

[4] The Consumer Attorneys of California submitted an amicus curiae brief arguing that the enforcement of the class action waiver in this case would violate provisions of the National Labor Relations Act (29 U.S.C. § 151 et seq.). Because we follow the dictates of *Gentry* and plaintiff has not raised this point, we do not address this contention.

agreement as a whole is tainted with illegality and is unenforceable. (See *Armendariz v. Foundation Health Psychcare Services, Inc.* [(2000)] 24 Cal.4th [83,] 124–125 [99 Cal.Rptr.2d 745, 6 P.3d 669].) [The defendant's] petition to compel arbitration should therefore be denied, and this case should proceed in a court of law." (*Id.* at p. 1303.)

■ The court in *Franco, supra,* 171 Cal.App.4th at page 1300 said that the PAGA authorized an aggrieved employee, such as plaintiff here, to recover civil penalties " 'on behalf of himself . . . and other current or former employees.' (§ 2699, subd. (a).)" Thus, the PAGA allows a plaintiff employee to collect penalties not only for himself, but also for other current and former employees. The representative action authorized by the PAGA is an enforcement action, with one aggrieved employee acting as a private attorney general to collect penalties from employers that violate the Labor Code. "Such an action is fundamentally a law enforcement action designed to protect the public and penalize the employer for past illegal conduct. Restitution is not the primary object of a PAGA action, as it is in most class actions." (*Ibid.*) " 'The [PAGA] attempted to remedy the understaffing of California's labor law enforcement agencies by granting employees the authority to bring civil actions against their employers for Labor Code violations.' " (*Id.* at p. 1301.) Our Supreme Court has distinguished class actions from representative PAGA actions in holding that class action requirements do not apply to representative actions brought under the PAGA. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 984 [95 Cal.Rptr.3d 588, 209 P.3d 923] (*Arias*).)

■ The court in *Franco, supra,* 171 Cal.App.4th at page 1303, concluded that efforts to "nullify the PAGA and preclude [the plaintiff] from seeking civil penalties on behalf of other current and former employees, that is, from performing the core function of a private attorney general . . . impedes *Gentry*'s goal of 'comprehensive[ly] enforc[ing]' a statutory scheme through the imposition of " 'statutory sanctions' "and 'fines.' [Citation.] [And] the prohibition of private attorneys general is invalid."

*AT&T, supra,* 563 U.S. ___ [131 S.Ct. 1740], concerns the preemption of unconscionability determinations for class action waivers in consumer cases. It specifically deals with the rule enunciated in *Discover Bank, supra,* 36 Cal.4th 148. That rule provided that "at least under some circumstances, the law in California is that class action waivers in consumer contracts of adhesion are unenforceable, whether the consumer is being asked to waive the right to class action litigation or the right to classwide arbitration" and that "the FAA [does not preempt] California law in this respect." (*Id.* at p. 153.)

■ The United States Supreme Court in *AT&T, supra,* 563 U.S. ___ [131 S.Ct. 1740] held that because "it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' [citation], California's *Discover Bank* rule is preempted by the FAA." (*Id.* at p. ___ [131 S.Ct. at p. 1753].) *AT&T* does not purport to deal with the FAA's possible preemption of contractual efforts to eliminate representative private attorney general actions to enforce the Labor Code. As noted, the PAGA creates a statutory right for civil penalties for Labor Code violations "that otherwise would be sought by state labor law enforcement agencies." (*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1003 [95 Cal.Rptr.3d 605, 209 P.3d 937].) The "aggrieved employee acts as the proxy or agent of state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public, not to benefit private parties." (*Ibid.*) This purpose contrasts with the private individual right of a consumer to pursue class action remedies in court or arbitration, which right, according to *AT&T,* may be waived by agreement so as not to frustrate the FAA—a law governing private arbitrations. *AT&T* does not provide that a public right, such as that created under the PAGA, can be waived if such a waiver is contrary to state law. (See *Franco, supra,* 171 Cal.App.4th at pp. 1299–1303 [the PAGA not waivable]; Civ. Code, § 3513 ["a law established for a public reason cannot be contravened by a private agreement"]; see also *Gentry, supra,* 42 Cal.4th at p. 457 ["Gentry argues persuasively that class action waivers in wage and hour cases and overtime cases would . . . undermine the enforcement of the statutory right to overtime pay"].)

In both *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066 [90 Cal.Rptr.2d 334, 988 P.2d 67] (*Broughton*) (California's Consumers Legal Remedies Act, Civ. Code, § 1750 et seq. (CLRA)) and *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303 [133 Cal.Rptr.2d 58, 66 P.3d 1157] (*Cruz*) (unfair competition law, Bus. & Prof. Code, § 17200 et seq.), the California Supreme Court held that statutory consumer monetary claims, as contrasted with claims for injunctions, were arbitrable.[5] In *Broughton,* the court said that because "the evident purpose of the injunctive relief provision of the CLRA is not to resolve a private dispute but to remedy a public wrong" (*Broughton, supra,* 21 Cal.4th at p. 1080), and therefore a claim for injunctive relief under the CLRA is not arbitrable. *Cruz* held that claims for injunctive relief under the unfair competition law are not arbitrable, but claims for monetary relief are. *Broughton* and *Cruz* dealt with arbitrability,

---

[5] The United States Supreme Court has granted certiorari in *Greenwood v. CompuCredit Corp.* (9th Cir. 2010) 615 F.3d 1204, certiorari granted May 2, 2011, ___ U.S. ___ [179 L.Ed.2d. 1187, 131 S.Ct. 2897] to consider whether claims arising under the Credit Repair Organization Act, 15 United States Code section 1679 et seq., must be arbitrated under valid arbitration agreements.

not with class and representative action waivers. The PAGA differs from the statutes involved in those cases in that the PAGA was enacted as means to enforce the Labor Code and penalize violators of that code "during California's ongoing budget crisis" and "to remedy the understaffing of California's labor law enforcement agencies by granting employees the authority to bring civil actions against their employers for Labor Code violations." (Shiners, *Chapter 221: A Necessary But Incomplete Revision of the Labor Code Private Attorneys General Act* (2005) 36 McGeorge L.Rev. 877–878; see *Arias, supra,* 46 Cal.4th at p. 981.)

Under the PAGA, an employee may bring a private civil action for Labor Code violations committed against the employee by his or her employer. (§ 2699, subd. (c).) The "aggrieved employee" may file a civil action "on behalf of . . . other current or former employees against whom one or more of the alleged violations was committed." (§ 2699, subd. (g)(1).) The PAGA contains no specific class certification requirements. And it prohibits an employee action when the agency or someone else is directly pursuing enforcement against the employer "on the same facts and theories" under the same "section[(s)] of the Labor Code." (§ 2699, subd. (h).) The PAGA also provides for civil penalties for all Labor Code sections that do not explicitly specify them. (§ 2699, subd. (f).) Employers are liable for a penalty of $100 for each aggrieved employee per pay period for the first violation and $200 for each aggrieved employee per pay period for each subsequent violation. (§ 2699, subd. (f)(2).) The aggrieved employee does not, however, recover the full penalty amount. Seventy-five percent of the penalty goes to the Labor and Workforce Development Agency for enforcement of labor laws and education, and only 25 percent is recovered by the aggrieved employees. (§ 2699, subd. (i).) In addition to the civil penalty, a prevailing employee (but not a prevailing employer) may be awarded "reasonable attorney's fees and costs." (§ 2699, subd. (g)(1).)

The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. (See Nicholson, *Businesses Beware: Chapter 906 Deputizes 17 Million Private Attorneys General to Enforce the Labor Code* (2004) 35 McGeorge L.Rev. 581.) Here, the relief is in large part "for the benefit of the general public rather than the party bringing the action" (*Broughton, supra,* 21 Cal.4th at p. 1082), just as the claims for public injunctive relief in *Broughton*[6] and *Cruz, supra,* 30 Cal.4th 303. And, a

---

[6] In *Broughton, supra,* 21 Cal.4th at page 1080, footnote 5, the court noted that although the CLRA plaintiff might incidentally benefit from the injunctive relief, that would not make the case amenable to arbitration. The court did not deal with the types of monetary relief allowed in the PAGA. Although the court said that "the plaintiff in a CLRA damages action is playing the role of a bona fide private attorney general" (*id.* at p. 1080), it cites to *Shearson/American*

representative action has "significant institutional advantages" over a single claimant arbitration. The representative action is a means for public enforcement of the labor laws. Thus, assuming it is authorized, a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code.[7] That plaintiff and other employees might be able to bring individual claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA, even if an individual claim has collateral estoppel effects. (*Arias, supra,* 46 Cal.4th at pp. 985–987.) Other employees would still have to assert their claims in individual proceedings. In short, representative actions under the PAGA do not conflict with the purposes of the FAA. If the FAA preempted state law as to the unenforceability of the PAGA representative action waivers, the benefits of private attorneys general actions to enforce state labor laws would, in large part, be nullified. (See *Sutherland v. Ernst & Young LLP* (S.D.N.Y. 2011) 768 F.Supp.2d 547 [class action waiver in arbitration agreement between accounting firm and low-level employee unenforceable because it prevented employee from vindicating her rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., and N.Y. law].) Our Supreme Court has noted that the Legislature specified that "it was . . . in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations" (*Arias, supra,* 46 Cal.4th at p. 980) and that "an action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' [citation]." (*Id.* at p. 986.)

The United States Supreme Court in *AT&T, supra,* 563 U.S. ___ [131 S.Ct. 1740] did not specifically address whether California state law applicable to waivers of statutory representative actions—which actions are a means to enforce state labor laws for the benefit of the public—was preempted by the FAA. We recognize that the United States Supreme Court has held that the FAA preempts certain California statutory dispute resolution mechanisms (see *Preston v. Ferrer* (2008) 552 U.S. 346 [169 L.Ed.2d 917, 128 S.Ct. 978] [FAA preempts California Talent Agencies Act (§§ 1700.44, subd. (a), 1700.45) granting the Labor Comr. exclusive jurisdiction to decide issue

---

*Express Inc. v. McMahon* (1987) 482 U.S. 220, 242 [96 L.Ed.2d 185, 107 S.Ct. 2332], which held that Racketeer Influenced and Corrupt Organizations Act (RICO) claims (18 U.S.C. § 1962(c)), unlike antitrust claims, are arbitrable because "[t]he private attorney general role for the typical RICO plaintiff is *simply less plausible* than it is for the typical antitrust plaintiff . . . ." (Italics added.)

[7] The agreement here can be read to preclude any action or arbitration, individual, class or representative, brought as a private attorney general. Any PAGA claim, individual or representative, is brought by the claimant for penalties as a private attorney general. (See *Arias, supra,* 46 Cal.4th at p. 980.) The trial court did not address whether the agreement purports to bar any PAGA claim.

that parties agreed to arbitrate and imposing prerequisites to enforcement of arbitration agreement that are not applicable to contracts generally]; *Perry v. Thomas, supra,* 482 U.S. 483 [FAA preempted § 229 that provides action for collection of wages may be maintained "without regard to the existence of any private agreement to arbitrate"]; *Southland Corp. v. Keating* (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852] [provisions of California's Franchise Investment Law (Corp. Code, § 31512) that require judicial consideration of claims is preempted by the FAA]) and that class actions, unless agreed to, may impermissibly interfere with arbitration provided for by the FAA. (*AT&T, supra,* 563 U.S. at pp. ___–___ [131 S.Ct. at pp. 1750–1752].)

■ But United States Supreme Court authority does not address a statute such as the PAGA, which is a mechanism by which the state itself can enforce state labor laws, because the employee suing under the PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." (*Arias, supra,* 46 Cal.4th at p. 986.) And, even if a PAGA claim is subject to arbitration,[8] it would not have the attributes of a class action that the *AT&T* case said conflicted with arbitration, such as class certification, notices, and opt outs. Until the United States Supreme Court rules otherwise, we continue to follow what we believe to be California law.

## C.  *Severance*

■ The issue remains whether the PAGA waiver should be severed from the arbitration agreement and whether the remainder of that agreement should be enforced according to its terms. In *Gentry, supra,* 42 Cal.4th at page 466, the court observed that "[g]enerally speaking, when an arbitration agreement contains a single term in violation of public policy, that term will be severed and the rest of the agreement enforced. (*Little, supra,* 29 Cal.4th at pp. 1074–1075.)"

As the court explained in *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, the determination of whether to sever an invalid contract provision is committed to the discretion of the trial court. "As noted, Civil Code section 1670.5, subdivision (a) provides that '[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the

---

[8] *Quevedo v. Macy's, Inc.* (C.D.Cal., June 16, 2011, No. CV 09-1522 GAF (MANx)), a presently unpublished United States District Court case cited by defendants, inter alia, for the proposition that a PAGA claim can be arbitrated on an individual basis, fails to note *Machado v. M.A.T. & Sons Landscape, Inc.* (E.D.Cal., July 23, 2009, No. 2:09-cv-00459 JAM JFM) 2009 U.S.Dist. Lexis 63414, which concluded that a PAGA claim cannot be brought on an individual basis, but rather only as a representative action.

unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.' Comment 2 of the Legislative Committee comment on section 1670.5, incorporating the comments from the Uniform Commercial Code, states: 'Under this section the court, in its discretion, may refuse to enforce the contract as a whole if it is permeated by the unconscionability, or it may strike any single clause or group of clauses which are so tainted or which are contrary to the essential purpose of the agreement, or it may simply limit unconscionable clauses so as to avoid unconscionable results.' (Legis. Com. com., 9 West's Ann. Civ. Code (1985 ed.) foll. § 1670.5, p. 494 (Legislative Committee comment).) [¶] Thus, the statute . . . also appears to contemplate the latter course only when an agreement is 'permeated' by unconscionability." (*Armendariz, supra,* 24 Cal.4th at pp. 121–122; see also *Dotson v. Amgen* (2010) 181 Cal.App.4th 975, 985 [104 Cal.Rptr.3d 341]; *Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 826 [104 Cal.Rptr.3d 844]; *Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 149 [67 Cal.Rptr.3d 120].)

In this case, the trial court did not consider whether the PAGA waiver provision, by itself, warranted the nonenforcement of the entire arbitration agreement. We therefore remand the matter to the trial court to exercise its discretion to determine whether to sever the PAGA waiver provision and enforce the arbitration agreement and class action waiver or whether to refuse to enforce the entire agreement or portions thereof.[9]

## DISPOSITION

The order denying defendants' petition to compel arbitration is reversed and the matter is remanded to the trial court for a determination of whether the provision in the arbitration agreement waiving plaintiff's right to pursue a representative action under the PAGA can be severed or whether the presence of that one invalid provision in the arbitration agreement renders the entire agreement or portions thereof unenforceable. The parties shall bear their own costs on appeal.

Armstrong, Acting P. J., concurred.

**KRIEGLER, J.,** Concurring and Dissenting.—I concur in the majority opinion's rejection of plaintiff Terri Brown's argument that the class action waiver in her employment contract with Ralphs Grocery Company and The Kroger Co. was unconscionable under *Gentry v. Superior Court* (2007) 42

---

[9] Plaintiff argues that the entire agreement should be deemed unenforceable, but suggests that one alternative, even if undesirable, would be to arbitrate the PAGA representative action. This issue will be determined by the trial court upon remand. (See *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.* (2010) 559 U.S. ___, ___ [176 L.Ed.2d 605, 130 S.Ct. 1758, 1774].)

Cal.4th 443 [64 Cal.Rptr.3d 773, 165 P.3d 556] (*Gentry*). I respectfully dissent, however, from the majority's further conclusion that Brown's waiver of the right to file a representative action under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.)[1] was unenforceable. The preemptive effect of the Federal Arbitration Act (FAA) requires enforcement of the PAGA waiver in the employment arbitration agreement in this case under the holding of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740] (*AT&T*). I would reverse the order of the trial court denying the motion to compel arbitration.

*Gentry*

The majority correctly holds that Brown failed to present substantial evidence that the class action waiver in the employment contract was unconscionable, as required by *Gentry, supra*, 42 Cal.4th at page 466. *Gentry*'s continuing vitality is in doubt after the decision in *AT&T*, which disapproved the holding in *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 [30 Cal.Rptr.3d 76, 113 P.3d 1100] (*Discover Bank*). (See *AT&T, supra*, 563 U.S. at pp. ___–___, ___ [131 S.Ct. at pp. 1750–1751, 1753].) *Gentry* relied heavily on the reasoning in *Discover Bank* in holding that class action waivers in arbitration agreements are unconscionable when applied to overtime claims by an employee. (*Gentry, supra*, 42 Cal.4th at pp. 453–455, 457, 464–466.) With the reasoning of *Discover Bank* having been rejected as being in conflict with the FAA, the same fate may be in store for *Gentry*. Nonetheless, as the majority correctly points out, *Gentry* remains the binding law of this state, which we must follow. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) The claim of unconscionability under *Gentry* fails due to a lack of substantial evidence.

*The PAGA Claim*

"The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.' " (*AT&T, supra*, 563 U.S. at p. ___ [131 S.Ct. at p. 1748], quoting *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 478 [103 L.Ed.2d 488, 109 S.Ct. 1248].) Despite this admonition, the majority refuses to enforce the undisputed language in Brown's arbitration agreement that waived her right to bring a representative action under the PAGA.

---

[1] All statutory references are to the Labor Code unless otherwise indicated.

The arbitration agreement between Brown and Ralphs/Kroger applies to "all employment related disputes." Under the agreement, Brown has no right for claims "to be heard or arbitrated on a class action basis, as a private attorney general, or on bases involving claims or disputes brought in a representative capacity on behalf of the general public . . . ." In addition, the agreement provides that "there are no judge or jury trials and there are no class actions or Representative Actions permitted under this Arbitration Policy."

The causes of action in Brown's complaint were all "employment related disputes" covered by the arbitration agreement. Brown alleged causes of action for unpaid meal period premiums (§§ 226.7, 512), unpaid rest period premiums (§ 226.7), wages not timely paid during employment (§ 204), noncompliant wage statements (§ 226, subd. (a)), and unfair competition (Bus. & Prof. Code, § 17200 et seq.). Despite having agreed to arbitrate her employment disputes on an individual basis, and having waived the right to file a representative action, Brown's complaint demanded a jury trial "individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the [PAGA]."

In a series of cases, the United States Supreme Court has found California statutory and decisional law that impedes contractual arbitration agreements to be preempted by the FAA. In *Southland Corp. v. Keating* (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852] (*Southland*), franchisees filed an action alleging fraud related causes of action and a violation of California's Franchise Investment Law (Corp. Code, § 31000 et seq.). The California Supreme Court held that the Franchise Investment Law cause of action could not be compelled into arbitration despite a contrary agreement between the parties. The court further held this interpretation of the statute did not contravene the FAA. The United States Supreme Court reversed, holding that the California Supreme Court's interpretation of the Franchise Investment Law "directly conflicts with [section] 2 of the Federal Arbitration Act and violates the Supremacy Clause" because Congress "mandated the enforcement of arbitration agreements." (*Southland, supra,* 465 U.S. at p. 10.) Citing the provision of the FAA allowing for revocation of an arbitration agreement "upon 'grounds as exist at law or in equity for the revocation of any contract,' " the United States Supreme Court held that arbitration agreements are not "subject to any additional limitations under state law." (*Id.* at p. 11.)

In *Perry v. Thomas* (1987) 482 U.S. 483 [96 L.Ed.2d 426, 107 S.Ct. 2520], an employee filed an action involving a dispute over commissions on securities sales. The defendants moved to compel arbitration pursuant to the

terms of the employment contract. The California trial and appellate courts held that the employee had the right to proceed at law under section 229, which provided that wage collection actions could be maintained without regard to an arbitration agreement. (482 U.S. at pp. 486–488.) The United States Supreme Court reversed, holding that section 229 was preempted by the FAA to the extent the statute required "that litigants be provided a judicial forum for resolving wage disputes" without regard to the contents of an arbitration agreement. (482 U.S. at pp. 490–491.)

*Preston v. Ferrer* (2008) 552 U.S. 346 [169 L.Ed.2d 917, 128 S.Ct. 978] involved an action by an attorney who rendered services to workers in the entertainment industry. The defendants sought to compel arbitration pursuant to a written agreement. California's Labor Commissioner asserted jurisdiction to consider whether the agreement violated section 1700 (the California Talent Agencies Act). While the Labor Commissioner considered the validity of the agreement, the trial court denied a petition to compel arbitration, and the California Court of Appeal affirmed. (*Preston*, at p. 351.) The United States Supreme Court held that section 1700 was preempted by the FAA to the extent it granted the Labor Commissioner, rather than the arbitrator, the power to determine the validity of the arbitration agreement. (*Preston*, at pp. 353–354.) By submitting to arbitration, the attorney relinquished no right under section 1700, "[b]ut under the contract he signed, he cannot escape resolution of those rights in an arbitral forum." (*Preston*, at p. 359.) "When parties agree to arbitrate all questions arising under a contract, the FAA supersedes state laws lodging primary jurisdiction in another forum, whether judicial or administrative." (*Ibid.*; see also *Buckeye Check Cashing, Inc. v. Cardegna* (2006) 546 U.S. 440, 446 [163 L.Ed.2d 1038, 126 S.Ct. 1204] [arbitrator, not the court, decides the legality of a contract provision under the FAA].)

In *AT&T*, the issue was whether the holding in *Discover Bank, supra,* 36 Cal.4th 148, deeming class action waivers in consumer contracts of adhesion unenforceable as unconscionable, violated section 2 of the FAA, which "makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" (*AT&T, supra,* 563 U.S. at p. ___ [131 S.Ct. at p. 1744].) "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings. Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." (*Id.* at p. ___ [131 S.Ct. at p. 1748].) The *Discover Bank* rule was preempted by the FAA. "When state law prohibits outright the arbitration

of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." (*Id.* at p. ___ [131 S.Ct. at p. 1747].)

Given the consistent line of Supreme Court cases mandating enforcement of arbitration clauses under the FAA, even in the face of California statutory or decisional law requiring court or administrative action rather than arbitration, I cannot join the majority's conclusion that the arbitration agreement's waiver of representative PAGA actions is unenforceable. "The point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute." (*AT&T, supra,* 563 U.S. at p. ___ [131 S.Ct. at p. 1749].) Brown and Ralphs/Kroger agreed to the streamlined procedures of arbitration of all covered employment claims without resort to classwide or representative litigation. That agreement must be enforced under the FAA.

I recognize, but respectfully disagree with the analysis of our colleagues in Division One in *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277 [90 Cal.Rptr.3d 539] (*Franco*), a case decided prior to the decision in *AT&T. Franco* held that a provision of an arbitration agreement prohibiting an employee from acting as a private attorney general was invalid because it conflicted with the PAGA's goal of enforcing the Labor Code through imposition of statutory sanctions and fines under *Gentry.* (171 Cal.App.4th at pp. 1299–1303.) Application of *Franco* in this case means the agreement to arbitrate will not be enforced due to state law, which is inconsistent with the above-cited Supreme Court authority. Moreover, there is nothing in the language of the PAGA to preclude a waiver of representative actions in employment agreements. (Cf. Civ. Code, § 1751 [any waiver of the provisions of the Consumers Legal Remedies Act (§ 1750 et seq.) "is contrary to public policy and shall be unenforceable and void"].)

The United States District Court for the Central District of California has recently reached the same result in finding the reasoning of *Franco* "no longer tenable in light of the Supreme Court's recent decision in [*AT&T*]." (*Quevedo v. Macy's, Inc, supra,* No. CV 09-1522 GAF (MANx), Civ. Minutes at p. 20 (*Quevedo*).) "The California Court of Appeal's decision in *Franco* shows only that a state might reasonably wish to require arbitration agreements to allow for collective PAGA actions. [Citation.] *AT&T* . . . makes clear, however, that the state cannot impose such a requirement because it would be inconsistent with the FAA. [Citation.]" (*Quevedo, supra,* Civ. Minutes at p. 21.)

Allowing the arbitration to go forward on Brown's individual right to statutory penalties for violations of the Labor Code is not necessarily inconsistent with the spirit of the PAGA.[2] As explained in *Arias v. Superior Court* (2009) 46 Cal.4th 969 [95 Cal.Rptr.3d 588, 209 P.3d 923], an arbitration award in favor of Brown for penalties under the Labor Code may be asserted as collateral estoppel on behalf of other similarly situated employees in their own actions. (*Id.* at pp. 985–987.) Viewed in this light, a waiver of representative actions under the PAGA need not defeat the legislative purpose of the act, as other similarly situated employees will be eligible to rely on whatever success Brown attains in arbitration.

*Severance*

The majority remands the case to the trial court to determine if the waiver of the PAGA representative actions renders the entire arbitration agreement unconscionable, or if that provision can be severed from the remainder of the agreement. The majority leaves open the possibility that one remedy for the invalid PAGA waiver might be to order a representative PAGA claim to arbitration.

First, I disagree that if the PAGA representative waiver is unenforceable, it somehow renders the entire arbitration agreement unconscionable. As a matter of law, the one defect identified by the majority—the preclusion of representative PAGA actions—cannot establish that the entire arbitration agreement in this case is permeated by unconscionability. (See *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 122 [99 Cal.Rptr.2d 745, 6 P.3d 669].) This singular defect can easily be severed from the arbitration agreement, should it need to go forward in a judicial forum.

Second, I would expressly instruct the trial court not to order arbitration of a representative PAGA claim absent agreement of both parties. The United States Supreme Court has held that parties who have not contracted for class arbitration may not be forced to arbitrate on a classwide basis. (*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.* (2010) 559 U.S. ___, ___ [176 L.Ed.2d 605, 130 S.Ct. 1758, 1774] [party may not be compelled to submit to class arbitration absent a contractual agreement to do so].) An agreement to arbitrate does not support the inference of an agreement to arbitrate on a classwide basis. (*Id.* at p. ___ [130 S.Ct. at p. 1775].) I would apply the same rule to representative actions that are not specifically authorized by an arbitration agreement. Ralphs/Kroger never agreed to arbitration of any issue on a representative

---

[2] *Quevedo, supra,* No. CV 09-1522 GAF (MANx), Civil Minutes at page 19 agrees that an individual's PAGA claim is subject to arbitration.

basis, and the trial court should not consider compelling arbitration of the PAGA claims on that basis unless expressly agreed to by both parties. (*Quevedo, supra*, No. CV 09-1522 GAF (MANx), Civ. Minutes at p. 19.)

A petition for a rehearing was denied July 29, 2011, and on July 20, 2011, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied October 19, 2011, S195850. Baxter, J., was of the opinion that the petition should be granted.