Filed 3/13/14  Ybarra v. Apartment Investment and Management CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| REYNA MARIE YBARRA, | B245901 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BC480377) |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order by the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Reversed.

Call & Jensen, Julie R. Trotter, Melinda Evans; Holland & Hart, John M. Husband and Christina Gomez for Defendant and Appellant.

Lawyers for Justice, Edwin Aiwazian, Arby Aiwazian, Jill J. Parker, D. Elliott Gonzalez; Shenkman & Hughes, Kevin Shenkman; Gezoukian Law and Peter Gezoukian for Plaintiff and Respondent.

_____

Plaintiff and respondent Reyna Marie Ybarra (Ybarra) filed a representative claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) against her former employer, defendant and appellant Apartment Investment and Management Company (Aimco). The parties' employment arbitration agreement contains a provision prohibiting either party from bringing class and representative actions. Aimco brought a motion to compel arbitration of Ybarra's PAGA claim on an individual basis. Ybarra contends that individual PAGA claims are not viable. The trial court found the waiver provision unconscionable and unenforceable, and denied the motion to compel arbitration. Aimco now appeals.

In our prior unrelated opinion, *Iskanian v. CLS Transportation Los Angeles, LLC* (2012) 206 Cal.App.4th 949 (*Iskanian*), we concluded that such a waiver is valid and enforceable, because it furthers the principal purpose of the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.) that arbitration agreements should be enforced according to their terms. Our decision was based on the United States Supreme Court case of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, ___ [131 S.Ct. 1740, 179 L.Ed.2d 742] (*Concepcion*). There is a split of authority among California courts on the issue of whether class and representative waivers in employment arbitration agreements are enforceable under California law. The California Supreme Court granted review of *Iskanian* on September 19, 2012 (S204032). We denied Aimco's request to stay this present appeal pending the Supreme Court's decision. Consistent with our analysis in *Iskanian*, we reverse the trial court's order here denying Aimco's motion to compel arbitration of Ybarra's individual PAGA claim.

## FACTUAL AND PROCEDURAL BACKGROUND

After briefly working for and being fired by Aimco in 2002, Ybarra was rehired in January 2011, to work as a community manager for one of Aimco's apartment communities in Los Angeles. She was fired less than a year later in December 2011.

Upon commencement of Ybarra's second period of employment, the parties signed an arbitration agreement, providing that "Any Claim . . . shall be resolved by BINDING ARBITRATION ONLY, and NO COURT ACTION MAY BE BROUGHT BY EMPLOYEE or the Company to resolve any Claim." The agreement defines "Claim" as "any dispute, matter, controversy, demand, action, cause of action, or claim of any kind whatsoever by Employee or the Company relating to, arising out of, in connection with, or involving Employee's employment or termination of employment, whether for damages or for other legal or equitable relief, and whether arising under federal, state, or local law." The agreement further provides: "[A]ny class action, collective action, and/or other procedure for consolidation or joinder of Claims of multiple parties is prohibited. No arbitrator acting hereunder shall have the power to decide any class, collective, joined or consolidated claims. No Party to this Agreement may attempt to proceed hereunder as a member or representative of any class, putative class, or group purporting to have similar Claims." The agreement also provides that if a court found this waiver provision invalid, the entire agreement would be declared null and void as to the waived claims.

In March 2012, Ybarra filed a complaint against Aimco, alleging three claims: (1) a class claim under Labor Code section 1194 for alleged failure to pay overtime and minimum wages; (2) a PAGA claim for alleged violations of the Labor Code;[1] and (3) a claim under Business and Professions Code section 17200 for the same alleged violations of the Labor Code. Aimco twice unsuccessfully attempted to remove the case to federal court. Meanwhile, Ybarra voluntarily dismissed the first and third claims, leaving only the PAGA claim.

Aimco then filed the underlying motion to compel arbitration of Ybarra's "PAGA claim on an individual basis, effectively terminating the representative claim." The trial

---

[1]     These alleged violations include Labor Code sections 510 and 1198 (unpaid overtime); 201 and 202 (wages not paid upon termination); 226, subdivision (a) (improper wage statements); 226.7 (missed rest breaks); 512 and 226.7 (missed meal breaks); 204 and 2800 (improper withholding of wages and nonindemnification of business expenses); and 1194, 1197 and 1197.1 (minimum wages not paid).

3

court denied the motion, finding that Ybarra had demonstrated a small amount of procedural unconscionability because the arbitration agreement was presented as a condition of employment, and had shown substantive unconscionability because the PAGA representative action waiver was unenforceable under *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*).  The trial court noted that *Iskanian* had been depublished following the California Supreme Court's decision to grant review of the case.  Aimco then filed this appeal.

## DISCUSSION

### I. Motion to Dismiss

Ybarra has filed a motion to dismiss the appeal.  She argues that cases have repeatedly confirmed that PAGA claims are "inherently representative" and cannot be brought on an individual basis.  She reasons that because the parties' arbitration agreement prohibits representative actions, Aimco's motion to compel arbitration was actually a "thinly veiled motion to dismiss" her only remaining claim.  In other words, had Aimco's motion been granted, her "PAGA claim could not have gone to arbitration, it would have gone nowhere."  She concludes that because the denial of a motion to dismiss is not directly appealable, Aimco's appeal should be dismissed.  We find no merit to Ybarra's motion to dismiss the appeal and therefore deny the motion.[2]

First, not only was the underlying motion captioned as a motion to compel arbitration, but it functioned like one.  It invoked the FAA and sought an order to compel Ybarra to arbitrate her PAGA claim on an individual basis under the parties' arbitration agreement.  Moreover, at all times, it was treated by the trial court as a motion to compel arbitration.  As Ybarra acknowledges, the denial of a motion to compel arbitration is directly appealable.  (Code Civ. Proc., § 1294, subd. (a); 9 U.S.C. § 16(a)(1)(B)-(C).)

---

[2]     We also deny Ybarra's request for judicial notice in support of her motion to dismiss.

4

Second, Ybarra brings her PAGA claim "individually, and on behalf of all aggrieved employees." In *Iskanian*, we addressed Labor Code section 2699, subdivision (a), which allows an aggrieved employee to bring a PAGA action "on behalf of himself or herself and other current or former employees," and explained that we did not believe an individual PAGA action is precluded by this statutory language. (*Iskanian*, *supra,* 206 Cal.App.4th 966, fn. 6.) Ybarra has not persuaded us to change our position.

## II. The Trial Court Erred in Denying the Motion to Compel Arbitration

The dispute here involves the legal question of whether the parties' arbitration agreement—specifically, its prohibition of class and representative claims—is enforceable. We therefore independently review the trial court's order. (*Amalgamated Transit Union Local 1277 v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 673, 685.)

### A. The FAA

The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) This provision "reflects the overarching principle that arbitration is a matter of contract." (*American Express Co. v. Italian Colors Restaurant*, (2013) 133 S.Ct. 2304, 2308–2309 (*American Express*). Accordingly, the United States Supreme Court has long recognized that the FAA "'reflects an emphatic federal policy in favor of arbitral dispute resolution.'" (*Marmet Health Care Ctr., Inc. v. Brown* (2012) 132 S.Ct. 1201, 1203.) The Supreme Court also has consistently held that "courts must 'rigorously enforce' arbitration agreements according to their terms." (*American Express*, at p. 2309.)

In *Concepcion*, *supra*, 131 S.Ct. 1740, the Supreme Court reiterated that "courts must place arbitration agreements on an equal footing with other contracts, [citation], and enforce them according to their terms, [citation]." (*Id*. at pp. 1745–1746.) Thus, pursuant to the "saving clause" in section 2 of the FAA, arbitration agreements may be invalidated by "'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" (*Concepcion*, *supra*, at p. 1746.) But they may not be invalidated

5

"by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." (*Ibid.*)

### B. *United States Supreme Court Cases*

In *Concepcion, supra*, 131 S.Ct 1740, the Supreme Court held that the FAA preempts state rules or policies that condition the enforceability of arbitration agreements on the availability of class-wide procedures. (*Id.* at pp. 1748–1753.) The Court overruled California's prior "*Discover Bank* rule," enunciated in *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 153, under which courts had refused to enforce class action waivers in arbitration agreements where the agreement was in a consumer contract of adhesion and where it was alleged that the party with superior bargaining power carried out a scheme to defraud a large number of consumers out of individually small sums of money. (*Concepcion*, *supra,* at pp. 1746, 1753.) The *Concepcion* Court explained that the *Discover Bank* rule stood as an obstacle to the accomplishment of the FAA's objectives of enforcing private arbitration agreements and encouraging efficient speedy dispute resolution. (*Concepcion*, *supra,* at pp. 1748–1753.)

In *Marmet Health Care Ctr., Inc. v. Brown, supra,* 132 S.Ct. 1201, the Supreme Court held that states cannot exclude certain types of claims from arbitration for public policy reasons. (*Id.* at pp. 1203–1204.) In that case, a state court had held that, as a matter of public policy under state law, predispute agreements to arbitrate claims of negligence and wrongful death against nursing homes were unenforceable. (*Id.* at p. 1203.) The Supreme Court reversed, holding that the state policies were preempted by the FAA because they created "a categorical rule prohibiting arbitration of a particular type of claim." (*Id.* at p. 1204.)

In *American Express, supra*, 133 S.Ct. 2304, the Supreme Court held that class action waivers in arbitration agreements cannot be invalidated simply because plaintiffs are unable to effectively vindicate their federal rights through individual actions. (*Id.* at pp. 2308–1212.) In that case, the plaintiffs showed that the cost of pursuing their antitrust claims would far exceed the maximum recovery for any individual plaintiff. (*Id.* at p. 2308.) The Court determined that the plaintiffs were nonetheless bound by their

arbitration agreements mandating individual arbitration, because the policies underlying the federal antitrust laws and class action rules did not override the FAA's mandate that arbitration agreements be enforced according to their terms.  (*Id*. at pp. 2309–2310.)

The *American Express* Court noted that *Concepcion* "specifically rejected the argument that class arbitration was necessary to prosecute claims 'that might otherwise slip through the legal system'" (*American Express, supra*, 133 S.Ct. at p. 2312), and that *Concepcion* "established . . . that the FAA's command to enforce arbitration agreements trumps any interest in ensuring the prosecution of low-value claims" and that "the FAA does . . . favor the absence of litigation when that is the consequence of a class action waiver" (*American Express, supra*, at p. 2312, fn. 5).[3]

### C.  The Representative Action Waiver is Enforceable

The trial court here concluded that the representative action waiver was unconscionable and therefore the arbitration agreement was unenforceable.  The trial court relied primarily on *Brown, supra*, 197 Cal.App.4th 489, decided by Division Five of this court, while noting that *Iskanian* had been ordered depublished.[4]  In *Brown*, the majority concluded that PAGA representative waivers are unenforceable under California law because the PAGA is a law enforcement action designed to protect the public and not to benefit private parties.  (*Id*. at p. 494.)  The *Brown* majority wrote that *Concepcion* "does not provide that a public right, such as that created under the PAGA, can be waived

---

[3]     At oral argument, we allowed the parties to file supplemental letter briefs on the impact, if any, on the United States Supreme Court's recent decision to vacate *Fowler v. CarMax, Inc*., case No. B238426, and remand the case to Division One of this court "for further consideration" in light of *American Express*.  We have received the parties' briefs and are not persuaded to change our position.

[4]     Ybarra makes much of the fact that *Brown* was not granted rehearing and review in this court or the United States Supreme Court.  But since then, there has been a greater split of authority among California courts, as evidenced by unpublished cases.  Moreover, the California Supreme Court has granted review of *Brown v. Superior Court* (2013) 216 Cal.App.4th 1302, decided by the Sixth District, which found a PAGA representative waiver to be unenforceable as a violation of public policy.

7

if such waiver is contrary to state law." (*Id*. at p. 500.) In his concurring and dissenting opinion, Justice Kriegler disagreed with the *Brown* majority and concluded that under *Concepcion* the preemptive effect of the FAA required enforcement of the PAGA waiver in the employment arbitration agreement. (*Id*. at pp. 505, 508 (conc. & dis. opn. of Kriegler, J.).)[5]

In *Iskanian,* we likewise disagreed with the *Brown* majority's holding. While we recognized that the PAGA serves to benefit the public and that private attorney general laws may be severely undercut by application of the FAA, we believed that the United States Supreme Court in *Concepcion* had spoken on the issue. Ybarra argues that following our decision in *Iskanian*, the United States Supreme Court "clarified" *Concepcion* by stating in *American Express* that an express waiver of statutory rights is unenforceable. But the *American Express* Court said no such thing. It merely stated that a prospective waiver of a party's right *to pursue* statutory remedies had been used by some courts to find class action waivers unenforceable. (*American Express, supra,* 133 S.Ct. at pp. 2310–2311.) We are not inclined to change our minds in believing that employees may pursue individual PAGA claims. And it goes without saying that Ybarra could have pursued her individual wage claims directly under the Labor Code, but chose not to do so.

Unless and until the California Supreme Court rules otherwise, we determine that the representative waiver provision in the parties' arbitration agreement is enforceable, and that Aimco's motion to compel Ybarra's PAGA claim on an individual basis should have been granted.

---

[5]    Justice Kriegler noted that allowing arbitration to go forward on the employee's individual right to statutory penalties for violations of the Labor Code would not conflict with the spirit of the PAGA, because any arbitration award in favor of the employee may be asserted as collateral estoppel on behalf of other similarly situated employees in their own actions. (*Brown, supra*, 197 Cal.App.4th at p. 509 (conc. & dis. opn. of Kriegler, J.).)

## DISPOSITION

The trial court's order denying Aimco's motion to compel arbitration is reversed. Aimco is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.[*]
FERNS

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.