Filed 7/30/14 Venegas v. The Pep Boys etc. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LESLIE VENEGAS, | B249579 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC496327) |
| v. | |
| THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  John Shepard Wiley, Judge.  Affirmed.

⎯⎯⎯⎯

Morgan, Lewis & Bockius, John S. Battenfeld, and Thomas M. Peterson for Defendant and Appellant.

Capstone Law, Glenn A. Danas, and Ryan H. Wu for Plaintiff and Respondent.

⎯⎯⎯⎯

Defendant The Pep Boys Manny Moe & Jack of California (Pep Boys) appeals from the superior court's order denying Pep Boys' motion to compel arbitration. The sole issue presented on appeal is the enforceability of a waiver of the right to bring a representative action under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.). That issue has recently been resolved against Pep Boys by the Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (June 23, 2014, S204032) __ Cal.4th __ (*Iskanian*). We therefore affirm.

Plaintiff Leslie Venegas alleges that she was employed at a Pep Boys store from August 2008 to October 2012. In December 2012, she filed suit against Pep Boys "individually and in a representative capacity," alleging a single claim under the PAGA for numerous alleged violations of the Labor Code.

Pep Boys moved to compel individual arbitration of Venegas's claim. In November 2011, Venegas entered into an arbitration agreement "[i]n return for [her] employment with [Pep Boys] . . . and/or as consideration for such employment." The arbitration agreement applies to any claim "directly or indirectly related to [Venegas's] employment with [Pep Boys], [and] the terms and conditions of [that] employment." The arbitration agreement also includes the following waiver of the right to bring class or representative actions: "To the maximum extent permitted by applicable law, the parties agree that no Covered Claims may be initiated or maintained on a class action, collective action or representative action basis either in court or arbitration. All claims must be brought in a party's individual capacity, and not as a plaintiff or class representative or member or otherwise on behalf of others in any purported class, collective, or representative proceeding. The parties further agree that if, for any reason, the waiver of any ability to initiate or maintain a claim as a class, collective or representative action is found to be unenforceable or invalid, then any such class, collective or representative action claim shall be litigated and decided in a court of competent jurisdiction, and not in arbitration. Any issue concerning the enforceability or validity of this waiver must be decided by a court, and not by an arbitrator." The arbitration agreement also includes a

2

choice of law provision, stating that the agreement "is governed by the Federal Arbitration Act and by the laws of the state where the Claim arose, to the extent those laws are not inconsistent with and/or preempted by the Federal Arbitration Act."

The superior court denied Pep Boys' motion on the basis of *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*), which held that an employee's waiver of the right to bring a representative action under the PAGA is unenforceable under California law. Pep Boys timely appealed.

On appeal, Pep Boys argues that *Brown* was wrongly decided, that Venegas's waiver of the right to bring a representative action under the PAGA is enforceable, and that any state law rule to the contrary is preempted by the Federal Arbitration Act (FAA) as interpreted by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. __ [131 S.Ct. 1740]. We must reject these contentions, because the Supreme Court rejected them in *Iskanian*. The Court held that "where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law," and "the rule against PAGA waivers does not frustrate the FAA's objectives" and therefore is not preempted. (*Iskanian*, *supra*, __ Cal.4th __ [pp. 36-37].) We consequently must affirm the order denying Pep Boys' motion to compel individual arbitration of Venegas's PAGA claim.

Pep Boys also contends that if PAGA waivers are unenforceable, then that rule will "encourage artful pleading" and "frustrate contractual rights." (Boldface and initial capitals omitted.) We disagree. Venegas alleges a single claim under the PAGA. If she does not wish to allege other claims that would be subject to individual arbitration, she is free to omit them. That omission does not constitute "artful pleading" in any pejorative sense, it does not frustrate any party's contractual rights, and we do not see how a defendant is prejudiced by a plaintiff's failure to allege some (arbitrable) individual claims in addition to a representative PAGA claim.

For all of the foregoing reasons, we affirm the order denying Pep Boys' motion to compel arbitration. Because the parties agreed that representative actions must be

3

litigated if the representative action waiver is found unenforceable, Venegas's claim under the PAGA shall proceed in court, not in arbitration.

DISPOSITION

The order is affirmed.  Appellant shall recover her costs of appeal.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:


        CHANEY, J.


        MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4