Filed 5/9/13  Allen v. Labor Ready Southwest CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JEFFREY LEE ALLEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LABOR READY SOUTHWEST, INC.,<br><br>    Defendant and Appellant. | B237673<br><br>(Los Angeles County<br>Super. Ct. No. BC412475) |

        APPEAL from an order of the Superior Court of Los Angeles County, Ronald M. Sohigian, Judge.  Affirmed in part; reversed in part.

        Thierman Law Firm, P.C., Mark R. Thierman and Jason J. Kuller; Law Offices of Shaun Setareh and Shaun Setareh; and Law Offices of Louis Benowitz and Louis Benowitz for Plaintiff and Appellant.

        Thompson & Knight LLP, formerly Ongaro Burtt & Louderback, David R. Ongaro, Kyann C. Kalin and Amelia D. Winchester for Defendant and Appellant.

# I. INTRODUCTION

Defendant, Labor Ready Southwest, Inc., appeals and plaintiff, Jeffrey L. Allen, cross-appeals from an order compelling arbitration of alleged Labor Code violations. The trial court also severed from arbitration plaintiff's request for relief under the Private Attorneys General Act of 2004 (Lab. Code,[1] § 2698 et seq.) pursuant to this division's opinion in *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 502 (review den. Oct. 19, 2011; cert den. *Ralphs Grocery Co. v. Brown* (Apr. 16, 2012) [132 S. Ct. 1910]). Plaintiff's cross-appeal asserts the arbitration agreement was unconscionable under general contract principles or that defendant waived the right to compel arbitration. We reverse the order compelling arbitration because defendant waived the right to compel arbitration as a matter of law. Defendant's appeal is therefore moot.

# II. PROCEDURAL HISTORY

## A. The Complaint

On April 30, 2009, plaintiff filed a class, representative and Private Attorneys General Act action against defendant. The complaint alleged that defendant has approximately 600,000 temporary employees who work in various fields throughout the United States, Canada, and Puerto Rico. Defendant is a State of Washington corporation with 25 California locations. Plaintiff alleged that he and other of defendant's similarly situated employees were paid: on an hourly basis and worked more than 40 hours a week and more than 8 hours a day without overtime compensation in violation of California law (§§ 510, 1194) and the Fair Labor Standards Act (29 U.S.C. §§206(a), 207(a)(1)); wages due with a check that failed to conform to section 212; and then were required to pay money to defendant to receive their pay in cash; and with form checks which did not

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

contain a California address making it difficult to negotiate the pay checks without a fee or hold placed on the check.

Plaintiff further alleged that defendant had a practice of making the employees report to the branch offices and wait up to several hours to be assigned to work at a company. If the employees received assignments, they were required to return to work on a daily basis to perform work including returning time sheets signed by the businesses for defendant's billing purposes. The employees were not compensated for the time spent at the premises waiting to be assigned or time returning to the branches. The payment options were unlawful because the employees did not receive checks containing a state address to cash on demand without a discount. If the employees chose to receive a cash payment, they are charged fees of $1.30 to $1.70 for each employment date. The complaint further alleged that as a result of these practices employees who quit or were discharged were not paid all wages due. The complaint contained 11 causes of action: failure to pay overtime (§§ 510, 1194) (first); failure to pay overtime (29 U.S.C. § 207(a)(1) (second); issuance of out of state paychecks (§ 212) (third); waiting time penalties for failing to pay wages due (§§ 201, 202) (fourth); failure to provide an accurate itemized wage statement (§226) (fifth) , failure to pay minimum wages (§ 1194) (sixth); failure to pay minimum wage (29 U.S.C. §206(a)) (seventh); illegal deductions (§§ 221, 400-410) (eighth); secretly paying below minimum wage scale (§ 223) (ninth); unfair competition (Bus. & Prof. Code, § 17200 et seq.) (tenth); and civil penalties under the Private Attorneys General Act (§ 2699 et seq.) (eleventh).

### B. Federal Proceedings and Remand to State Court

On June 15, 2009, defendant removed the lawsuit to the United States District Court for the Central District of California, *Jeffrey Lee Allen etc. et al. v. Labor Ready Southwest, Inc.*, Case No. CV09-04266MRP. On February 16, 2010, the federal court denied plaintiff's class certification motion without prejudice. On December 15, 2010, the federal court entered a final judgment granting in part and denying in part defendant's

3

summary judgment motion. The federal final judgment also dismissed remaining state claims for lack of jurisdiction. On March 9, 2011, the federal court entered an amended judgment which granted summary judgment on the first, second, fifth, seventh and ninth causes of action for wait and travel time claims. The federal court also granted summary judgment on allegations in the third cause of action that the paychecks violate section 212 because they had an out-of-state address. The federal court denied summary judgment on payment claims based on the issuance of wages in the form of vouchers as to the third, fourth, sixth, eighth, tenth and eleventh causes of action. Because the wait and travel time claims were the only federal claims, the federal court declined to exercise its jurisdiction over the remaining state law claims. The amended judgment ordered the matter remanded to state court for further proceedings on the remaining claims. However, the federal court certified for immediate appeal the wait and travel claims pursuant to Federal Rules of Civil Procedure section 54(b). Plaintiff's appeal in the United States Court of Appeals for the Ninth Circuit is currently pending in *Jeffrey Lee Allen v. Labor Ready Southwest, Inc.*, case No. 11-55584.

## C. Remand to State Court

On June 6, 2011, after the matter was remanded to state court, plaintiff filed a peremptory challenge pursuant to Code of Civil Procedure section 170.6 to the Honorable Ramona See. On August 1, 2011, the matter was reassigned to the Honorable Ronald M. Sohigian.

On September 28, 2011, defendant moved to compel arbitration on the grounds: plaintiff executed a valid arbitration agreement enforceable under the Federal Arbitration Act (9 U.S.C. § 1 et seq.); and the arbitration agreement had a valid and enforcement class action waiver and any claims to the contrary were preempted by federal law.

The employment application contained the following arbitration and class action waiver provisions: "I agree that any disputes arising out of my application for employment or employment that I believe I have against [defendant] or its agents or

4

representatives, including, but not limited to, any claims related to wage and hour laws, discrimination, harassment or wrongful termination, and all other employment related issues (excepting only actions arising under the [National Labor Relations Act (29 U.S.C. §151 et seq.)] will be resolved by final and binding arbitration under the Federal Arbitration Act. Except where prohibited by law I agree to bring any disputes I may have as an individual and I waive any right to bring or join a class, collective or representative action. I acknowledge that my dispute will be decided by a neutral arbitrator and not by a judge or jury. The arbitration shall be conducted by the American Arbitration Association under its Employment Arbitration Rules. The decision of the arbitrator shall be final and binding. I understand that [defendant] also agrees to arbitrate in the same manner any claims which the company believes it has against me and [defendant] will pay for the arbitrator's fees where required by law."

Defendant asserted the arbitration and class waiver provisions were enforceable as the parties agreed under the Federal Arbitration Act. The class action waiver provision was enforceable under standards set forth in *AT&T Mobility LLC v. Concepcion* (2011) __ U.S. __ [131 S. Ct. 1740, 1753] (hereafter *Concepcion*). In anticipation of an argument by plaintiff, defendant claimed it had not waived the right to compel arbitration. This was because the *Concepcion* decision changed California law by overruling *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 162. And, plaintiff was not prejudiced by the timing of the motion to compel arbitration. Defendant only conducted one deposition and served limited discovery requests. Plaintiff delayed seeking class certification in federal court after it was initially denied.

Plaintiff's opposition argued the motion was belated because defendant waited over two years to assert the right to compel arbitration. The arbitration agreement specifically allowed concerted activity because it excluded claims arising under the National Labor Relations Act. The arbitration agreement was unconscionable and unenforceable. The agreement was procedurally unconscionable because it required employees to waive their right to judicial forums as a condition of employment. The applicable arbitration rules were not attached to the agreement, incorporated or provided

5

to employees. The terms and conditions are substantively unconscionable, effectively precluding plaintiff from filing employment related claims with state and federal administrative agencies. It also prohibits plaintiff from seeking public injunctive relief under the Private Attorneys General Act and the Unfair Competition Law. The passage of two years had resulted in a waiver of the right to compel arbitration. Plaintiff cited evidence: defendant had removed the case to federal court; the parties had conducted significant discovery; the parties had litigated the class certification issue; there had been two mediations costing plaintiff nearly $10,000; and defendant obtained a partial summary judgment which was currently being appealed before the Ninth Circuit.

In reply, defendant argued plaintiff failed to establish waiver or address the change in law issue, which was created by the United State's Supreme Court's decision in *Concepcion*. The action did not arise under the National Labor Relations Act. The agreement was neither procedurally nor substantively unconscionable.

The trial court granted the petition to compel arbitration and denied it in part. Citing *Brown v. Superior Court*, *supra*, 197 Cal.App.4th at page 502, the trial court severed the claim under the Private Attorneys General Act. Defendant filed a timely notice of appeal from the order partially denying an order to compel arbitration. Plaintiff filed a timely cross-appeal from the order compelling arbitration.[2]

---

[2]     An order compelling arbitration is not directly appealable. (Code Civ. Proc., § 1294*;Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, 513; *Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1359-1360.) However, plaintiff is correct that review of the ruling in its entirety is available because of defendant's appeal from the partial denial of the motion to compel. Code of Civil Procedure section 1294.2 provides: "The appeal shall be taken in the same manner as an appeal from an order or judgment in a civil action. Upon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party. The court may also on such appeal review any order on motion for a new trial. The respondent on the appeal, or party in whose favor the judgment or order was given may, without appealing from such judgment, request the court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or

# III.  DISCUSSION

## A.  The Appeal

Defendant argues the trial court erred in concluding the Private Attorneys General Act claim is not preempted by the Federal Arbitration Act.  We need not reach this issue in light of our conclusion below that defendant Labor Ready Southwest, Inc. waived its right to arbitrate any claims in the present case.  Defendant's appeal is therefore moot.

## B.  The Cross-Appeal

Both federal and state laws have strong public policies favoring arbitration as a speedy and relatively inexpensive means to resolve disputes.  (*Concepcion*, *supra*, [131 S. Ct. at pp. 1744-1745]; *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204.)  Code of Civil Procedure section 1281.2 allows a party asserting there is a written agreement to arbitrate a controversy to petition the trial court to compel arbitration.  Code of Civil Procedure section 1281.2 requires the trial court to compel arbitration upon determination of a written agreement to arbitrate a controversy exists.  However, under federal and state law, arbitration agreements are subject to statutory exceptions for waiver, revocation, and a pending action.  (9 U.S.C. § 2; (Code Civ. Proc., § 1281.2, subd. (a)-(c).)  Before a party may be compelled to arbitrate a claim, the petitioning party has the burden of proving the existence of a valid arbitration agreement and the dispute is covered by the agreement.  (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972; *Rosenthal* v. *Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394, 413-414.)  If petitioner meets its burden, the respondent has to

modification of the judgment or order from which the appeal is taken.  The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken."

7

prove by a preponderance of the evidence any defense to the petition. (*Engalla v. Permanente Medical Group, Inc.*, *supra*, 15 Cal.4th at p. 972; *Rosenthal* v. *Great Western Financial Securities Corp.*, *supra*, 14 Cal.4th at p. 413.)

In the cross-appeal, plaintiff asserts the trial court should have concluded the arbitration provision was unenforceable because: defendant waived the right to compel arbitration; the action arose under the National Labor Relations Act; and the clause is unconscionable as a matter of law. We conclude the trial court erred in its waiver determination as a matter of law. Thus, we do not resolve plaintiff's other claims as to why the arbitration agreement was unenforceable.

It should be noted that waiver of the right to arbitrate is not lightly inferred because of federal and state law favoring arbitration provisions. (*St. Agnes Med. Ctr. v. PacifiCare of California, supra,* 31 Cal.4th at p. 1195; *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 782.) Thus, a waiver claim under California law requires strict judicial scrutiny to determine whether the party asserting waiver has carried its burden of proof. (*St. Agnes Med. Ctr. v. PacifiCare of California, supra,* 31 Cal.4th at p. 1195; *Christensen v. Dewor Developments, supra,* 33 Cal.3d at p. 782; *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 189.) Because a waiver determination is generally a factual question, the trial court's finding must be upheld when it is supported by substantial evidence. (*St. Agnes Med. Ctr. v. PacifiCare of California, supra,* 31 Cal.4th at p. 1196; *Engalla v. Permanente Medical Group, Inc., supra,* 15 Cal.4th at p. 983.) However, when the facts are undisputed and the only issues are legal, the appellate court is not bound by the trial court's ruling. (*St. Agnes Med. Ctr. v. Pacificare of California, supra,* 31 Cal.4th at p. 1196; *Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 319.)

Our Supreme Court has set forth the following multi-factor standard for determining whether a party has waived the right to compel arbitration: "'In determining waiver, a court can consider "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties "were well into preparation of a lawsuit" before the party notified the

8

opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."'" (*St. Agnes Med. Ctr. v. PacifiCare of California*, *supra*, 31 Cal.4th at p. 1196, *quoting Sobremonte v. Superior Cour*t (1998) 61 Cal.App.4th 980, 992; accord *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 30–31.)

Here, the trial court found defendant had not waived the right to compel arbitration because doing so prior to the United State Court's decision in *Concepcion* would have been futile. Defendant asserts the trial court is correct that defendant could not have waived its right to arbitrate because it was not enforceable before *Concepcion* was decided. This is because generally a party does not act inconsistently with the right to compel arbitration if the agreement is not enforceable under existing law. (See *Letizia v. Prudential Bache Securities, Inc.* (9th Cir. 1986) 802 F.2d 1185, 1187; *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986) 791 F.2d 691, 697; compare *Roberts v. El Cajon Motors, Inc.* (2011) 200 Cal.App.4th 832, 846 & fn. 10.) Plaintiff counters that application of the *St. Agnes* factors compels the conclusion that defendant waived its right to compel arbitration notwithstanding *Concepcion*. For the reasons stated below, we agree with plaintiff that a waiver was established based on the undisputed evidence.

First, we assume defendant is correct that it did not act inconsistently with seeking to compel arbitration until *Concepcion* was decided on April 27, 2011. But, defendant then waited until September 28, 2011, five months after *Concepcion* was decided, to file the motion to compel arbitration. No explanation was offered as to why defendant did not immediately seek to compel arbitration upon its return to a state judicial forum knowing the law had changed in its favor. As our Supreme Court explained in *St. Agnes Med. Ctr. v. PacifiCare of California, supra,* 31 Cal.4th at page 1195, at footnote 4: "[T]he term 'waiver' has a number of meanings in statute and case law. [Citation.]

9

While 'waiver' generally denotes the voluntary relinquishment of a known right, it can also refer to the loss of a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent to relinquish the right. [Citations.] In the arbitration context, '[t]he term "waiver" has also been used as a shorthand statement for the conclusion that a contractual right to arbitration has been lost.' [Citation.]" Under the circumstances a five-month delay between the favorable change in law and the time the motion was filed was not consistent with enforcing its arbitration rights.

Second, the "litigation machinery" has been more than substantially invoked as the parties were well into preparing for the lawsuit when defendant sought arbitration. While the matter was pending in federal court, plaintiff filed and defendant successfully defended against plaintiff's class certification motion. Moreover, defendant subsequently sought and obtained a partial summary judgment against plaintiff on the merits of the federal and state law claims. The partial summary judgment resolved the merits of the first, second, fifth, seventh and ninth causes of action for wait and travel time claims against plaintiff. The federal court entered a final judgment granting the partial summary judgment and removing the remaining claims to state court on March 9, 2011. Plaintiff's appeal from the partial summary judgment is currently pending in the Ninth Circuit. Thus, the litigation machinery has been invoked in a substantial manner.

The third factor, delay, was established because even after *Concepcion* was decided on April 27, 2011, defendant waited five months to file the motion to compel arbitration on September 28, 2011. This was six months after the matter had been remanded from one judicial forum (federal) to another judicial forum (state). The fourth factor of a counterclaim was not established. But, the fifth factor, important intervening steps, definitely is present because defendant was able to obtain a final judgment against plaintiff on several of his federal claims as well as a state law claim.

As a result of the final federal judgment, the sixth factor of prejudice was established. Our Supreme Court explained: "Because merely participating in litigation, by itself, does not result in a waiver, courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses.

10

[Citations.] [¶] Rather, courts assess prejudice with the recognition that California's arbitration statutes reflect "'a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution'" and are intended "'to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.'" [Citation.] Prejudice typically is found only where the petitioning party's conduct has substantially undermined this important public policy or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*St. Agnes Medical Center v. PacifiCare of California*, *supra*, 31 Cal.4th at pp. 1203-1204.)

Although mere participation in litigation does not establish waiver and prejudice, judicial litigation of the merits of arbitrable issues does. (*Keating v. Superior Court* (1982) 31 Cal.3d 584, 605-606, overruled on different grounds in *Southland Corp. v. Keating* (1984) 465 U.S. 1, 3; see also *Kalai v. Gray* (2003) 109 Cal.App.4th 768, 775-776; *Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1194.) Waiver may be established by litigation of the merits of a controversy which would be arbitrable under the arbitration provision. (*Doers v. Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d at pp. 186-187; *Local 659, IA.T.S.E. v. Color Corp. Amer.* (1956) 47 Cal.2d 189, 194.) This rule applies even if the matter has not been reduced to a final judgment on the merits. (*St. Agnes Medical Center v. PacifiCare of California*, *supra*, 31 Cal.4th at pp. 1204-1205 [holding the rule is consistent with federal waiver standards]; *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1980) 105 Cal.App.3d 946, 951.) For example waiver may be established by litigation through various pretrial procedures such as summary judgment and class certification motions. (*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra*, 105 Cal.App.3d at pp. 950-951; see also *Zimmerman v. Drexel Burnham Lambert, Inc.* (1988) 205 Cal.App.3d 153, 159-160.) As one appellate court has explained: "Partial or piecemeal litigation of issues in dispute, through pretrial procedures, may in many instances justify a finding of waiver and would be consistent with the law as spelled out in *Doers* [*v. Golden Gate Bridge etc. Dist, supra*, 23 Cal.3d at pp. 186-187]." (*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra,* 105

11

Cal.App.3d at p. 951; accord *Zimmerman v. Drexel Burnham Lambert, Inc., supra,* 205 Cal.App.3d at pp. 159-160.)

Here, the parties litigated the class certification issue on the merits. Defendant also litigated the merits of plaintiff's federal and state claims in a summary judgment motion. Defendant obtained a final judgment against plaintiff on all the federal claims and one state law claim. The federal court denied summary judgment on plaintiff's remaining state law claims. Unless plaintiff prevails in the Ninth Circuit, a substantial portion of plaintiff's arbitrable claims no longer exists. Should arbitration proceed defendant would have the advantage of a judicial forum resolving some disputes and arbitration of the remaining claims. Under the circumstances, plaintiff met his burden of establishing defendant waived the right to compel arbitration by litigating the merits of plaintiff's arbitrable federal and state claims. (*St. Agnes Medical Center v. PacifiCare of California*, *supra*, 31 Cal.4th at p. 1204; *Doers v. Golden Gate Bridge etc. Dist.*, *supra*, 23 Cal.3d at p. 185; *Local 659, IA.T.S.E. v. Color Corp. Amer.*, *supra*, 47 Cal.2d at pp. 194-195.)

In sum, application of the *St. Agnes Medical Center v. PacifiCare of California*, *supra*, factors establishes that defendant waived the right to compel arbitration under the facts of this case. Therefore, we need not address plaintiff's remaining theories as to why the arbitration agreement was not enforceable.

12

## IV.  DISPOSITION

The order compelling arbitration of the remaining claims is reversed.  Plaintiff, Jeffrey L. Allen, is awarded his costs on appeal from defendant, Labor Ready Southwest, Inc.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

O'NEILL, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*]     Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.