Filed 10/17/13  Pickett v. 99 Cents Only Stores CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHELLEY PICKETT, | B246394 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC473038) |
| v. | |
| 99 CENTS ONLY STORES, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

It is ordered that the opinion filed herein on October 15, 2013 is modified as follows:

The asterisk next to Judge Kumar's name on his separate concurring opinion should have a footnote following it that reads:  **Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.**

No change in judgment.

MOSK, J.                              TURNER, P. J.                              KUMAR, J.*

_____

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/15/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHELLEY PICKETT, | B246394 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC473038) |
| v. | |
| 99 CENTS ONLY STORES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Ernest M. Hiroshige, Judge.  Affirmed.

Munger, Tolles & Olson, Malcolm A. Heinicke, Katherine M. Forster, Puneet K. Sandhu, and Esther H. Sung for Defendant and Appellant.

Lynch, Gilardi & Grummer, Arif Virji and Gary M. Ittig for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant 99 Cents Only Stores (defendant) appeals from the trial court's order denying its motion to compel plaintiff and respondent Shelley Pickett (plaintiff) to arbitrate her individual claim brought pursuant to the Private Attorney General Act of 2004 (PAGA).[1] According to defendant, notwithstanding our decision to the contrary in *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*), the Federal Arbitration Act (9 U.S.C. § 1 et seq. (FAA)) and recent United States Supreme Court authority interpreting it, required plaintiff to arbitrate her individual PAGA claim pursuant to the terms of her arbitration agreement and to forego pursuit of the representative PAGA claim pleaded in her complaint.

For the reasons set forth in this opinion and in the two concurring opinions, we affirm the trial court's order denying defendant's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    PAGA Complaint

Plaintiff filed a representative action against defendant asserting a cause of action under the PAGA for alleged Labor Code violations and a derivative request for an injunction to prohibit future violations. Plaintiff sought penalties on behalf of herself, as an aggrieved employee, as well as all current and former employees of defendant,[2] to

---

**1**    The PAGA is codified in Labor Code sections 2698 through 2699.5. That statutory scheme authorizes actions by aggrieved employees on their own behalf and on behalf of current or former employees to recover civil penalties from employers for Labor Code violations. All further statutory references are to the Labor Code unless otherwise indicated.

2    Plaintiff emphasized that she was not seeking "class remedies or class certification."

address defendant's alleged violations of the Labor Code, specifically defendant's violations of section 1198 and Wage Order 7-2001, section 14.

Plaintiff alleged that she was currently employed by defendant as a cashier who regularly operated a cash register at a check-out counter area and that "[defendant was] a California corporation with over two hundred (200) stores in California, including stores in Los Angeles, California. [T]hese stores throughout California appear[ed] generally similar in that there [was] ample space behind each counter/cashier area to allow for a stool or seat. There [was] nothing in the layout of the stores or in the activities performed by the employees operating the cash registers and manning the counters which . . . preclude[ed] the use of seats. [Defendant's] cashiers spen[t] a very substantial portion, and in many instances most, of their working time behind these counters."

In addition, plaintiff alleged that "Wage Order 7-2001, which covers businesses in the 'mercantile industry,' such as [defendant] states: 'All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.' *Id.,* Section 14(a). [Defendant] failed to provide its cashiers, including plaintiff, with seats, despite the fact that the nature of cashier work reasonably permit[ted] the use of seats."

Plaintiff concluded that she was "an aggrieved employee, in that she was employed by [defendant] and was not provided with a seat, in violation of Labor Code section 1198 and Wage Order 7-2001, Section 14," and that she was seeking on behalf of herself and defendant's other current and former cashiers "penalties against [defendant] under Lab[or] Code section 2699(f),[3] plus reasonable attorneys' fees and costs . . . ."

---

3    Section 2699, subdivision (f) provides in pertinent part: "(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: [¶] . . . [¶] (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. . . ."

### B. Motion to Compel Arbitration

In response to plaintiff's complaint, defendant filed, inter alia, a motion to compel arbitration of plaintiff's individual PAGA claim. Citing to the United States Supreme Court decisions in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662 and *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. __, 131 S.Ct. 1740 (*AT&T*), defendant argued that under the FAA, the trial court was required to enforce the arbitration clause in plaintiff's employment agreement[4]—which required arbitration of plaintiff's individual claims and was silent concerning representative claims—strictly according to its terms. According to defendant, because the arbitration agreement did not mention arbitration of representative claims, such as plaintiff's representative PAGA claim, it implicitly provided for arbitration of individual claims only. Although defendant acknowledged the majority holding in *Brown, supra,* 197 Cal.App.4th 489 that PAGA claims are outside the principles of the FAA and the Supreme Court decisions applying it, defendant asserted that *Brown* was wrongly decided as contrary to *AT&T, supra,* 131 S.Ct. 1740 and several federal district court decisions[5] that have followed *AT&T* and rejected the holding in *Brown.*

---

[4]  In pertinent part, the arbitration clause in plaintiff's employment agreement provided: "The Company and the undersigned Employee hereby agree that any dispute with any party . . . that may arise from or in connection with Employee's employment with the Company or the termination of Employee's employment with the Company must be submitted for resolution by mandatory, binding arbitration."

[5]  In addition to citing several federal district court cases that rejected the reasoning of the majority opinion in *Brown*, defendant also cited to the Court of Appeal's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2012) 206 Cal.App.4th 949 (review granted Sept. 19, 2012, S204032), notwithstanding that the California Supreme Court had granted review of that decision and it was therefore not citable as precedent. (California Rules of Court, rule 8.1105(e)(1).) Our Supreme Court defined the issues for review in *Iskanian* as follows: "Petition for review after the Court of Appeal affirmed an order granting a motion to compel arbitration and dismissing class claims. This case presents the following issues: (1) Did *AT&T*[, *supra,* 131 S.Ct. 1740], impliedly overrule *Gentry v. Superior Court* (2007) 42 Cal.4th 443 with respect to contractual class action waivers in the context of non-waivable labor law rights? (2) Does the high court's decision

5

Plaintiff opposed the motion arguing, inter alia, that principles of stare decisis required the trial court to follow the majority decision in *Brown, supra,* 197 Cal.App.4th 489 and deny the motion to compel arbitration. According to plaintiff, because the California Supreme Court denied the defendant's petition for review in *Brown* and granted the plaintiff's petition for review in *Iskanian v. CLS Transportation Los Angeles, LLC, supra,* 206 Cal.App.4th 949, *Brown* was the only binding precedent on the issue and it fully supported the denial of the motion.

### C. Hearing on Petition to Compel Arbitration

Prior to the hearing on defendant's petition to compel individual arbitration, the trial court issued a tentative ruling denying the motion. Following oral argument on the motion, the trial court entered the tentative ruling as its final order on the motion. In pertinent part, that order provided as follows: "Plaintiff's complaint alleges a sole cause of action for civil penalties and attorney fees under the [PAGA]. In its motion, Defendant moves to compel 'Plaintiff to arbitrate her claims on an individual basis.' In other words, Defendant 'seeks arbitration of Plaintiff's individual claims only.' . . . [¶] Thus, Defendant has not moved to compel arbitration of Plaintiff's representative or class claims. A plaintiff may not bring a PAGA claim as an individual claim, but rather only 'as the proxy or agent of the state's labor law enforcement agencies.' (*Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1123-24; see also *Brown*[, *supra*,] 197 Cal.App.4th 489, 501-502.) 'Because the PAGA claim is not an individual claim, it was not within the scope of Defendant's request that individual claims be submitted to arbitration . . . .' (*Reyes, supra,* at 1123-24.) [¶] Assuming Plaintiff could bring an individual PAGA claim, then the motion must be denied under *Brown, supra.* The Court cannot compel arbitration of Plaintiff's representative claims pursuant to *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*[, *supra,* 559 U.S. 662]. Thus, as Defendant essentially concedes by arguing that the 'Court is not required to follow *Brown,*' the *Brown* decision

permit arbitration agreements to override the statutory right to bring representative claims under the [PAGA]? (3) Did defendant waive its right to compel arbitration?"

compels a finding that the arbitration agreement is unenforceable as against public policy or unconscionable insofar as it applies to Plaintiff's sole PAGA claim. The *Iskanian* case cited by Defendant has no precedential authority as review has been granted by the California Supreme Court. . . . [¶] The motion to compel Plaintiff's individual claims is denied."

Defendant filed a timely notice of appeal from the trial court's order denying defendant's motion to compel individual arbitration.

## DISCUSSION

### A. Standard of Review

"In reviewing an order denying a motion to compel arbitration, we review the trial court's factual determinations under the substantial evidence standard, and we review issues of law de novo. (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 [34 Cal.Rptr.3d 547].)" (*Duick v. Toyota Motor Sales. U.S.A., Inc.* (2011) 198 Cal.App.4th 1316, 1320.) "The trial court's resolution of disputed facts will be upheld if supported by substantial evidence, but if there is no disputed extrinsic evidence, the trial court's decision on the arbitrability determination is reviewed de novo. (*Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1283 [63 Cal.Rptr.3d 787]; *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1277 [16 Cal.Rptr.3d 296].)" (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1511.) In this case, there are no disputed issues of fact. Therefore, the issue here is one of law that we review de novo.

### B. Analysis

The trial court denied defendant's motion to compel individual arbitration on two alternative grounds: (1) because, as the court held in *Reyes v. Macy's, Inc.*, *supra*, 202 Cal.App.4th at pages 1123-1124, a plaintiff employee may not bring an individual PAGA claim, there were no individual claims pleaded in the complaint that were subject to arbitration; or (2) assuming plaintiff could bring an individual claim under the PAGA, the

7

arbitration agreement was unenforceable as against public policy under *Brown, supra,* 197 Cal.App.4th 489.

As to the trial court's first ground for denying the motion—no individual claims under the PAGA—it is unnecessary to determine whether the trial court was correct, because even assuming plaintiff could bring an individual claim under the PAGA, the trial court was bound as a matter of law to follow the majority decision in *Brown, supra,* 197 Cal.App.4th 489 (see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), which held that an arbitration agreement that would impede an aggrieved employee from pursuing a representative action under the PAGA, as an agent for the state's labor enforcement agencies, is unenforceable as against public policy.

In *Brown, supra,* 197 Cal.App.4th 489, the majority began its analysis of the PAGA issue with a discussion of the decision in *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277 (*Franco I*).[6] In that case, the Court of Appeal determined, inter alia, that the express waiver of PAGA representative claims in the arbitration clause before it was unconscionable, relying on the California Supreme Court's decision in *Gentry v. Superior Court*, *supra,* 42 Cal.4th 443. According to the court in *Franco*, efforts to "nullify the PAGA and preclude [the plaintiff] from seeking civil penalties on behalf of other current and former employees, that is, performing the core function of a private attorney general . . . impedes *Gentry*'*s* goal of 'comprehensive[ly] enforce[ing]' a statutory scheme through imposition of "'statutory sanctions'" and 'fines.' [Citations.] [And] the prohibition of private attorneys general is invalid." (*Franco, supra,* 171 Cal.App.4th at p. 1303.)

As for the effect of the Supreme Court's decision in *AT&T, supra,* 131 S.Ct. 1740 on the PAGA issue, the majority in *Brown, supra,* 197 Cal.App.4th 489, explained that

---

[6]     It should be noted that the same court that issued the opinion in *Franco I, supra,* 171 Cal.App.4th 1277 published a second opinion in a subsequent appeal in the same case—*Franco v. Arakelian Enterprises, Inc.* (2012) 211 Cal.App.4th 314 (*Franco II*). On February 13, 2013, the California Supreme Court, in Case No. S207760, granted review in *Franco II*, pending disposition of a related issue in *Iskanian v. Arakelian Enterprises, Inc.,* S204032.

8

the "United States Supreme Court in *AT&T, supra,* 563 U.S. __ [131 S.Ct. 1740] did not specifically address whether California state law applicable to waivers of statutory representative actions—which actions are a means to enforce state labor laws for the benefit of the public—was preempted by the FAA. We recognize that the United States Supreme Court has held that the FAA preempts certain California statutory dispute resolution mechanisms (see *Preston v. Ferrer* (2008) 552 U.S. 346 [169 L.Ed.2d 917, 128 S.Ct. 978] [FAA preempts California Talent Agencies Act (§§ 1700.44, subd. (a), 1700.45) granting the Labor Commissioner exclusive jurisdiction to decide issue that parties agreed to arbitrate and imposing prerequisites to enforcement of arbitration agreement that are not applicable to contracts generally]; *Perry v. Thomas,* [(1987)] 482 U.S. 483 [FAA preempted former § 229 that provides action for collection of wages may be maintained "without regard to the existence of any private agreement to arbitrate"]; *Southland Corp. v. Keating* (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852] [provisions of California's Franchise Investment Law (Corp. Code, § 31512) that require judicial consideration of claims is preempted by the FAA]) and that class actions, unless agreed to, may impermissibly interfere with arbitration provided for by the FAA. (*AT&T, supra,* 563, U.S. at pp. __, __ [131 S.Ct. at pp. 1750-1752].) [¶] But United States Supreme Court authority does not address a statute such as the PAGA, which is a mechanism by which the state itself can enforce state labor laws, because the employee suing under the PAGA 'does so as the proxy or agent of the state's labor law enforcement agencies.' (*Arias* [*v. Superior Court* (2009)] 46 Cal.4th [969,] 986.) And, even if a PAGA claim is subject to arbitration, it would not have the attributes of a class action that the *AT&T* case said conflicted with arbitration, such as class certification, notices, and opt-outs. Until the United States Supreme Court rules otherwise, we continue to follow what we believe to be California law." (*Brown, supra,* 197 Cal.App.4th at pp. 502-503.)

Based on the foregoing reasoning, the majority in *Brown, supra*, 197 Cal.App.4th 489 concluded that the "recent decision of the United States Supreme Court in *AT&T*[, *supra,*] 131 S.Ct. 1740, holding that California decisional law invalidating class action waivers in consumer arbitration agreements is preempted by the [FAA], does not

apply to representative actions under the PAGA, and thus the trial court correctly ruled that the waiver of [the] plaintiff's right to pursue a representative action under the PAGA was not enforceable under California law." (*Id*. at p. 494.)

Defendant argues that under the FAA, the arbitration agreement should be read to waive implicitly representative PAGA claims because it requires arbitration of plaintiff's individual PAGA claim only and is silent as to representative claims. (See *Stolt-Neilson S.A. v. AnimalFeeds International Corp., supra,* 559 U.S. at pp. 681-684 [holding that it would be inconsistent with the FAA to impose class arbitration proceedings on parties who had entered arbitration agreements that were silent on the issue of classwide arbitration].) By, in effect, prohibiting plaintiff from pursuing her representative PAGA claim, the agreement here—as the agreement in *Brown, supra,* 197 Cal.App.4th 489, which explicitly waived representative PAGA claims—runs afoul of the public policy underlying the PAGA. Thus, under *Brown*, the arbitration agreement was, as the trial court correctly concluded, unenforceable.

As noted, *AT&T, supra,* 131 S.Ct. 1740 concerned FAA preemption of state law that would preclude arbitration in class actions. It did not deal with a statute such as PAGA that is a unique representative action which is, in effect, a law enforcement proceeding to protect the public. The same distinction applies to the United States Supreme Court decision in *American Express Co. v. Italian Colors Restaurant* (2013) __ U.S. __, 133 S.Ct. 2304.

One federal court has noted, "The California Court of Appeal, in *Brown,* comprehensively and persuasively discussed the reasons why class action waivers contained in arbitration agreements may not be used to divest plaintiffs of their right to bring representative actions under PAGA." (*Plows v. Rockwell Collins, Inc.* (C.D. Cal. 2011) 812 F.Supp.2d 1063, 1070; see also *Gonzalez v. Millard Mall Services, Inc.* (S.D. Cal. 2012) 281 F.R.D. 455, 469; *Cunningham v. Leslie's Poolmart, Inc.* (C.D. Cal. 2013) [2013 U.S. DIST. LEXIS 90256].) That reasoning should apply a fortiorari to an arbitration clause compelling a plaintiff employee to arbitrate her individual claim under PAGA and thereby precluding her pursuit of a representative PAGA claim.

10

Defendant asserts that plaintiff has not established the unconscionability of the agreement in question. The issue, however, is not one of unconscionability, but rather whether an agreement to arbitrate can eviscerate a state statute allowing a private citizen to act as a private attorney general to protect the public. Any such agreement is contrary to the public policy underlying the state statute and, as such, unenforceable.

Contrary to defendant's assertion, the trial court, in ruling on the motion to compel arbitration, did not have the discretion to ignore our holding in *Brown, supra,* 197 Cal.App.4th 489—i.e., *AT&T, supra,* 131 S.Ct. 1740 does not apply to representative PAGA claims—and instead follow the rulings in certain federal district court cases that have rejected the majority holding in *Brown*. As noted, under the doctrine of stare decisis, the trial court was bound to follow the majority holding in *Brown*, regardless of whether certain federal trial courts have declined to follow that decision. (*Auto Equity Sales, Inc. v. Superior Court, supra,* 57 Cal.2d at p. 455; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 690, fn. 28 [state "[t]rial courts are of course bound by the decisions of the Court of Appeal"].)

Notwithstanding defendant's suggestion that we should defer any decision in this case until after the California Supreme Court decides *Iskanian v. CLS Transportation Los Angeles, LLC, supra,* 206 Cal.App.4th 949, we have determined that we should resolve this appeal on the merits. Unless our Supreme Court grants review in this case, plaintiff's case should not be suspended for an indefinite period of time.

## DISPOSITION

The order denying defendant's motion to compel arbitration of plaintiff's individual PAGA claim is affirmed. Plaintiff is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

11

I concur in the judgment. In my view the outcome of this case is controlled by the decision in *EEOC v. Waffle House, Inc*. (2002) 534 U.S. 279, 293-298 (*EEOC*). In EEOC, the Equal Opportunity Employment Commission (the commission) pursued a discrimination claim on behalf of an aggrieved former employee. The former employee signed an arbitration agreement with the defendant, Waffle House, Inc. The United States Supreme Court refused to enforce the arbitration agreement because the commission was not a signatory to it. (*Id*. at pp. 293-295.)

Here, the gravamen of the Labor Code Private Attorneys General Act of 2004 (the act) cause of action is a claim on behalf of the State of California (the state). (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986; *Thurman v. Bayshore Transit Management, Inc*. (2012) 203 Cal.App.4th 1112, 1125.) Seventy-five percent of the penalties are paid to the state. The act has as its purpose the enforcement of the state's labor laws. As in EEOC, the state is not a signatory to the arbitration agreement. Hence, the Federal Arbitration Act does not require the claims for penalties payable to the state be arbitrated. Other than the potential payments to plaintiff discussed below, the essence of the complaint is the enforcement of the state's labor laws and payment to it.

Defendant did not request to arbitrate the issue of the percent of penalties to be paid to plaintiff, Shelley Pickett, under Labor Code sections 2699, subdivisions (g)(1) and (i). In addition, there was no effort by defendant in the trial court to arbitrate the potential amount of attorney fees payable to plaintiff. (Lab. Code, § 2699, subd. (g)(1).) If these matters are arbitrable, this would necessarily involve a severance of issues which is sometimes part of the arbitral process. (*Daniels v. Sunrise Senior Living, Inc*. (2013) 212 Cal.App.4th 674, 687; *Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1409.) At oral argument, defense counsel agreed defendant was not seeking to parse out individual issues but asserted the entirety of the dispute must be arbitrated. (Such makes excellent litigation sense--no fiscal purpose would be served by arbitration of narrow issues concerning plaintiff's former employment status, attorney fees and a percentage of penalties.) The issue of potential severance of issues concerning the rights of plaintiff to attorney fees and a portion of the penalties has been forfeited. (*Pearson Dental Supplies,*

*Inc. v. Superior Court* (2010) 48 Cal.4th 665, 681; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 30-31; *Tutti Mangia Italian Grill, Inc. v. American Textile Maintenance Co.* (2011) 197 Cal.App.4th 733, 740; *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 498, fn. 4; *Jones v. Jacobson* (2011) 195 Cal.App.4th 1, 19, fn. 12; *Countrywide Financial Corp. v. Bundy* (2010) 187 Cal.App.4th 234, 264; see *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.) Finally, for the foregoing reasons, it is unnecessary to address any other issues concerning the Federal Arbitration Act.


TURNER, P. J.

I respectfully concur.  There was only one cause of action filed pursuant to the Private Attorneys General Act (PAGA).  Defendant's motion to compel arbitration of that claim took the position that plaintiff was "compelled to arbitrate individually."  However, there is no "individual" claim in a PAGA action.  (*Reyes v. Macy's Inc*.  (2011) 202 Cal.App.4th 1119, 1123; *Machado v. M.A.T. & Sons Landscape, Inc*. (E.D.Cal., July 23, 2009, No. 2:09-cv-00459 JAM JFM) 2009 U.S.Dist. Lexis 63414, p. *6; see also Lab. Code, § 2699, subd. (a) [PAGA action is to be brought by "employee on behalf of himself or herself and other current or former employees"].)  Defendant could not compel arbitration of a non-existent claim.


KUMAR, J.*